1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KASEY F. HOFFMANN,                         No.  2:15-cv-1527 AC P

12                  Plaintiff,

13         v.                                    ORDER

14   LUCKY PRICE, et al.,

15                  Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff has

19   consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28

20   U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 4.

21         I.      Application to Proceed In Forma Pauperis

22         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

23   1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

24         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

25   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

26   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

27   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

28   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

                                        1

1  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

2  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

4  1915(b)(2).

5      II.      Statutory Screening of Prisoner Complaints

6          The court is required to screen complaints brought by prisoners seeking relief against a

7  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

8  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

9  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

11          A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13  Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

14  meritless legal theories or whose factual contentions are clearly baseless."  Jackson v. Arizona,

15  885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute

16  on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490

17  U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded,

18  has an arguable legal and factual basis.  Id.

19          "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

20  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

21  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

22  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23  However, in order to survive dismissal for failure to state a claim, a complaint must contain more

24  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

25  allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations

26  omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that

27  merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original)

28  ////

2

1  (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d

2  ed. 2004)).

3      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

4  relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

5  Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

6  content that allows the court to draw the reasonable inference that the defendant is liable for the

7  misconduct alleged."  Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint

8  under this standard, the court must accept as true the allegations of the complaint in question,

9  Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading

10  in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.

11  McKeithen, 395 U.S. 411, 421 (1969).

12      III.    Complaint

13      Plaintiff alleges that on May 6, 2015, at approximately 1:00 a.m., defendants Foster, Price,

14  and Roberts woke him up and that defendant Price told him "'Give me the socks and razor and I

15  will not toss your cell.'"  ECF No. 1 at 3.  Plaintiff told defendant Price that he did not know what

16  he was talking about.  Id.  Defendants then forced plaintiff to exit his cell so that it could be

17  searched, even though plaintiff's cellmate had turned over the pair of socks that had apparently

18  gone missing earlier in the day.  Id. at 3-4.  During the search, defendants disrespected plaintiff's

19  religion by going through his kosher food bags and placing his Torah open and face-down on the

20  floor and leaving a boot print on it.  Id. at 4.  Defendants also went through envelopes clearly

21  marked "legal mail," which plaintiff states had "'kites' [illegal inmate communication in them]."

22  Plaintiff claims that defendants' actions violated his First, Fourth, and Eighth Amendment rights.

23      IV.    Failure to State a Claim

24      A.    Plaintiff's Legal Mail

25      It is not clear whether plaintiff is attempting to make a separate claim related to

26  defendants going through his legal mail.  If he is, the complaint does not state enough facts for the

27  court to determine whether plaintiff has a cognizable claim.  From the allegations in the

28  complaint it appears that the envelopes labeled "legal mail" may not have actually had legal mail

3

in them.  Plaintiff states that they had "'kites' [illegal inmate communication in them]."  ECF No. 1 at 4.  It is not clear whether the kites were the only thing in the envelopes or whether they were mixed in with actual pieces of legal mail.  To the extent the envelopes contained only kites, defendants' review of those documents would not be a violation of plaintiff's constitutional rights since they were not actually legal mail.

If the envelopes did contain legal mail in addition to the kites, the court cannot tell whether "legal mail" refers exclusively to communications between plaintiff and his lawyer or whether it includes documents from the court or other legal documents not from plaintiff's attorney.  This is an important distinction because whether opening mail from an inmate's attorney outside his presence violates that inmate's constitutional rights is an open question in the Ninth Circuit.  Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981) (noting that "[t]he law in at least three circuits is that mail from attorneys may not be opened out of the presence of the addressee" but declining to decide the issue) (citing Taylor v. Sterrett, 532 F.2d 462 (5th Cir. 1976); Bach v. Illinois, 504 F2d 1100 (7th Cir. 1974); Smith v. Robbins, 454 F.2d 696 (1st Cir. 1972)).  However, "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail."  Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) (quoting Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987) ("[W]ith minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files.")).

Additionally, if plaintiff is attempting to claim a violation of his rights under the Sixth Amendment, this amendment applies only to criminal proceedings.  Wolff v. McDonnell, 418 U.S. 539, 576 (1974) ("As to the Sixth Amendment, its reach is only to protect the attorney-client relationship from intrusion in the criminal setting."); see Alvarez v. Horel, 415 F. App'x 836, 837 (9th Cir. 2011) (stating that a prisoner's claim that his Sixth Amendment rights were violated when an official opened his legal mail was properly dismissed because the Sixth Amendment applies only to criminal proceedings).  A plaintiff alleging a Sixth Amendment claim must also demonstrate an actual injury, such as a chilling of the "right to privately confer with counsel."  Nordstrom v. Ryan, 762 F.3d 903, 911 (9th Cir. 2014).

1    If plaintiff is attempting to make a claim under the First or Fourteenth Amendment for

2    violation of his right of access to the courts, this right is limited to direct criminal appeals, habeas

3    petitions, and civil rights actions.  Lewis v. Casey, 518 U.S. 343, 354 (1996).  Claims for denial

4    of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet

5    to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot

6    now be tried (backward-looking claim).  Christopher v. Harbury, 536 U.S. 403, 413-15 (2002).

7    For backward-looking claims, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable'

8    underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be

9    awarded as recompense but that is not otherwise available in a future suit."  Phillips v. Hust, 477

10   F.3d 1070, 1076 (9th Cir. 2007) (citing Christopher, 536 U.S. at 413-14), overruled on other

11   grounds by Hust v. Phillips, 555 U.S. 1150 (2009).

12       To have standing to bring this claim, plaintiff must allege he suffered an actual injury.

13   Lewis, 518 U.S. at 351-52; Vandelft v. Moses, 31 F.3d 794, 798 (9th Cir. 1994).  To succeed,

14   plaintiff must have been denied the necessary tools to litigate a nonfrivolous claim attacking a

15   conviction, sentence, or conditions of confinement.  Christopher, 536 U.S. at 415; Lewis, 518

16   U.S. at 353 & n.3.  Plaintiff need not show that he would have been successful on the merits of

17   his claims, but only that the claims were not frivolous.  Allen v. Sakai, 48 F.3d 1082, 1085-86 &

18   n.12 (9th Cir. 1994).  A claim "is frivolous where it lacks an arguable basis either in law or in

19   fact."  Neitzke, 490 U.S. at 325.  The Ninth Circuit has emphasized that "[a] prisoner need not

20   show, ex post, that he would have been successful on the merits had his claim been considered.

21   To hold otherwise would permit prison officials to substitute their judgment for the courts' and to

22   interfere with a prisoner's right to court access on the chance that the prisoner's claim would

23   eventually be deemed frivolous."  Allen, 48 F.3d at 1085.  To properly plead a denial of access to

24   the courts claim, "the complaint should state the underlying claim in accordance with Federal

25   Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain

26   statement should describe any remedy available under the access claim and presently unique to

27   it."  Christopher, 536 U.S. at 417-18 (footnote omitted).

28   ////

Because plaintiff has not provided enough information for the court to determine whether he has a cognizable claim based on the allegation that defendants read documents enclosed in envelopes marked "legal mail," these claims will be dismissed with leave to amend.

B.     First Amendment

1. Free Exercise of Religion

The First Amendment protects the right to the free exercise of religion.  A religious claim must satisfy two criteria to merit protection under the free exercise clause of the First Amendment:  (1) the claimant's belief must be "sincerely held" and (2) "the claim must be rooted in religious belief, not in purely secular philosophical concerns." Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994) (citations and internal quotation marks omitted).  The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security. O'Lone v. Shabazz, 482 U.S. 342, 348 (1987).  To state a First Amendment, free-exercise-of-religion claim, a prisoner must show that a defendant burdened the practice of his religion by preventing him from engaging in a sincerely held religious belief and that the defendant did so without any justification reasonably related to legitimate penological interests. Shakur v. Schriro, 514 F.3d 878, 884 (9th Cir. 2008). To substantially burden the practice of an individual's religion, the interference must be more than an inconvenience. Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), overruled in part by Shakur, 514 F.3d at 884-85.

Plaintiff alleges that defendants "disrespected" his religion by going through his kosher food bags and putting his Torah on the floor and leaving a boot print on it.  However, he makes no allegation that his ability to practice his religion was burdened by defendants' actions.  Absent an allegation that plaintiff's religion was burdened without a legitimate penological interest, the complaint fails to state a claim for violation of plaintiff's First Amendment rights and these claims will be dismissed with leave to amend.

2. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 531-

6

32 (9th Cir. 1985); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

> Within the prison context, a viable claim of First Amendment
> retaliation entails five basic elements: (1) An assertion that a state
> actor took some adverse action against an inmate (2) because of (3)
> that prisoner's protected conduct, and that such action (4) chilled
> the inmate's exercise of his First Amendment rights, and (5) the
> action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2004) (footnote and citations omitted).

Although it appears that plaintiff may have been making a retaliation claim in his grievance, which he includes as an attachment (ECF No. 1 at 5-6), and he references the First Amendment in the complaint, the complaint does not actually assert a claim of retaliation.  Since the complaint will be dismissed with leave to amend, if plaintiff's reference to the First Amendment was an attempt to allege retaliation, plaintiff may amend the complaint to allege further facts in support of that claim.  Any claim for retaliation must be contained in the body of the complaint and not in the attachments.  Additionally, reference to the First Amendment, without facts to support a claim of retaliation, will not be sufficient to state a claim.

C.   Fourth Amendment

"[P]risoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison."  Bell v. Wolfish, 441 U.S. 520, 545 (1979) (citations omitted).  However, "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell.  The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions."  Hudson v. Palmer, 468 U.S. 517, 526 (1984).  Plaintiff's claim that his Fourth Amendment rights were violated by defendants' search of his cell is not cognizable and these claims will therefore be dismissed without leave to amend.

D.   Eighth Amendment

"The Eighth Amendment protects prisoners from searches conducted only for 'calculated harassment.'"  Vigliotto v. Terry, 873 F.2d 1201, 1203 (9th Cir. 1989) (quoting Hudson, 468 U.S. at 530).  However, plaintiff must still allege "'the unnecessary and wanton infliction of pain.'"

1    Id. (quoting Whitley v. Albers, 475 U.S. 312, 319-21 (1986)).

2          Plaintiff alleges that defendants told him that his cell would not be searched if he turned

3    over "the socks and razor."  ECF No. 1 at 3.  After his cellmate produced a pair of socks,

4    defendants then searched his cell.  Id. at 4.  The facts provided in the complaint show that the

5    plaintiff was subject to a single cell search that was the result of defendants trying to locate two

6    missing items, one of which plaintiff's cellmate admitted to having in his possession.  This does

7    not support an inference that the search was "only for calculated harassment."  While plaintiff

8    may not have been happy with how the search was conducted, on the facts alleged, it was not

9    carried out solely for the purpose of harassing plaintiff.

10          Plaintiff has not alleged sufficient facts to demonstrate that the search of his cell violated

11    his Eighth Amendment rights and the claim will be dismissed.  Although the facts already alleged

12    make it appear unlikely that plaintiff will be able to allege additional facts that would establish an

13    Eighth Amendment claim, the court cannot, at this point, find that leave to amend would be futile

14    and so the claim will be dismissed with leave to amend.

15    V.    Leave to Amend

16          If plaintiff chooses to file a first amended complaint, he must demonstrate how the

17    conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo

18    v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how

19    each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th

20    Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

21    or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

22    588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

23    participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

24    268 (9th Cir. 1982) (citations omitted).

25          Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

26    his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

27    complete in itself without reference to any prior pleading.  This is because, as a general rule, an

28    amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

8

1   1967), <u>overruled in part by</u> <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 929 (9th Cir. 2012) (claims

2   dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent

3   amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the

4   original complaint no longer serves any function in the case.  Therefore, in an amended

5   complaint, as in an original complaint, each claim and the involvement of each defendant must be

6   sufficiently alleged.

7        VI.    Summary

8            Plaintiff's request to proceed in forma pauperis is granted.

9            The complaint is dismissed with leave to amend because the facts plaintiff has alleged are

10  not enough to state a claim for relief.  Plaintiff has not given the court enough information about

11  what was in the envelopes labeled "legal mail" for the court to be able to tell if he can state a

12  claim for interference with his access to the courts or his attorney.  Nor has he alleged facts that

13  show that he suffered an injury as a result of defendants' conduct.  Therefore these claims are

14  dismissed with leave to amend.  Plaintiff's freedom of religion claim will also be dismissed with

15  leave to amend because plaintiff has not explained how his religious practice was burdened by

16  defendants' actions.  To the extent plaintiff was trying to make a retaliation claim, that claim is

17  dismissed with leave to amend because plaintiff has not claimed that the search was done in

18  retaliation for exercising his First Amendment rights.  Plaintiff's claim that the search violated his

19  Fourth Amendment rights does not state a claim and will be dismissed without leave to amend

20  because plaintiff has no reasonable expectation of privacy in his cell.  Plaintiff's claim that the

21  search was cruel and unusual punishment is dismissed with leave to amend because plaintiff has

22  not alleged facts that show that the search was conducted just to harass plaintiff.

23          If plaintiff chooses to amend his complaint, the first amended complaint must include all

24  of the claims plaintiff wants to make because the court will not look at the claims or information

25  in the original complaint.  In other words, any claims not in the first amended complaint will not

26  be considered.

27          In accordance with the above, IT IS HEREBY ORDERED that:

28          1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

9

1       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

2  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

3  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

4  Sheriff of Shasta County filed concurrently herewith.

5       3.  Plaintiff's Fourth Amendment claim is dismissed with prejudice.  All other claims in

6  the complaint are dismissed with leave to amend.

7       4.  Within thirty days from the date of service of this order, plaintiff may file an amended

8  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

9  Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

10  number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an

11  original and two copies of the amended complaint.  Failure to file an amended complaint in

12  accordance with this order will result in dismissal of this action.

13       5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

14  form used in this district.

15  DATED: May 3, 2016

16

17                    ALLISON CLAIRE
                     UNITED STATES MAGISTRATE JUDGE

10