UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMAN,<br><br>Plaintiff,<br><br>v.<br><br>LUCKY PRICE, et al.,<br><br>Defendants. | No. 2:15-cv-1527 DB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently subject to review are the following: (1) defendants' two motions to compel discovery and motion for sanctions (ECF No. 17); (2) plaintiff's request to expand discovery (ECF No. 23); (3) defendants' motion for summary judgment (ECF No. 25), and (4) plaintiff's motion for an extension of time to respond to defendants' motion for summary judgment (ECF No. 26).

For the reasons stated herein, the court will: (1) grant defendants' two motions to compel; (2) deny defendants' motion for sanctions; (3) deny plaintiff's motion to expand discovery, and (4) deny the parties' summary judgment-related motions pending the resolution of the outstanding discovery issues discussed herein.

1

I.    PROCEDURAL HISTORY

On July 16, 2015, plaintiff filed a complaint in this court alleging violations of his First, Eighth and Fourteenth Amendment rights stemming from defendants' search of his prison cell for contraband.  (See ECF No. 1 at 3-4).  The complaint was screened, and on May 4, 2016, plaintiff was given the opportunity to file an amended complaint.  (See ECF No. 6).

Plaintiff filed his first amended complaint ("FAC") on May 12, 2016.  (ECF No. 8).  On September 22, 2017, plaintiff was given a second opportunity to amend the complaint, which he waived.  (See ECF Nos. 10, 11).  As a result, the plaintiff opted to proceed on his interference with his free exercise of religion and retaliation claims against defendants.  (See ECF No. 10 at 3-4; see generally ECF No. 11 (filing of notice of submission of documents)).

Defendants were served on October 19, 2017.  (ECF No 12).  On December 22, 2017, defendants filed an answer to the complaint.  (ECF No. 15).  The court issued a discovery and scheduling order in the matter on January 8, 2018.  (ECF No. 16).

On March 15, 2018, defendants filed two motions to compel discovery[1] and a motion for monetary or dismissal sanctions.  (ECF No. 17).  Plaintiff opposed the motions on April 2, 2018.  (ECF No. 18).  Defendants filed a reply on April 9, 2018.  (ECF No. 20).  The same day, plaintiff filed copies of his answers to defendants' document production requests.  (ECF Nos. 21, 22).

Thereafter, on April 16, 2018, plaintiff filed a request to expand discovery.  (ECF No. 23).  On May 7, 2018, defendants filed an opposition to plaintiff's request to expand discovery.  (ECF No. 24).  On July 20, 2018, defendants filed a motion for summary judgment.  (ECF No. 25).  Plaintiff filed an extension of time to respond to the motion for summary judgment on August 1, 2018.  (ECF No. 26).

II.   RELEVANT FACTS

A.    Defendants' Motions to Compel and Motion for Sanctions

In defendants' motions to compel, defendants assert that they timely served their interrogatory and document production requests on plaintiff on January 8, 2018.  (See ECF No.

---

[1]  Defendants filed a motion to compel interrogatory responses and a motion to compel the production of documents.  (See ECF No. 17).

17-1 at 2; <u>see</u> <u>also</u> ECF No. 17-2 at 2).  When it was determined that plaintiff's responses to the interrogatories were markedly deficient and that plaintiff had not responded at all to defendants' document production requests, on February 26, 2018, defendants sent a meet and confer letter to plaintiff as required under Federal Rule of Civil Procedure 37(a)(1).  (<u>See</u> ECF Nos. 17-1 at 2; <u>see</u> <u>also</u> ECF No. 17-2 at 2-3, 25-26).  At that time, defendants also sent plaintiff a second copy of their document production requests.  (<u>See</u> ECF No. 17-2 at 2).  Thereafter, plaintiff responded to the document production requests and filed those answers with the court.  (<u>See</u> ECF Nos. 19, 21, 22).

Given plaintiff's "blatant discovery abuse, flagrant evasive responses, and frustration of litigation," defendants argue in these motions that monetary and dismissal sanctions are appropriate.  (<u>See</u> ECF No. 17-2 at 3).  Defendants also take issue with the fact that plaintiff failed to sign and verify the discovery responses he did produce.  (<u>See</u> <u>generally</u> ECF No. 17-1 at 1-2; <u>see</u> <u>also</u> ECF No. 17-2 at 2-3).

Plaintiff argues that he has responded to defendants' discovery in good faith and that defendants' motion to compel fails to specify how his responses were inadequate.  (ECF No. 18 at 2, 4-5).  He does not address the fact that his discovery responses are either not signed or not verified, or both.  (<u>See</u> <u>generally</u> ECF No. 17-2 at 27-32 (plaintiff's interrogatory responses); <u>see</u> <u>also</u> ECF No. 18 (plaintiff's document production responses)).

B.  <u>Plaintiff's Motion to Expand Discovery</u>

On April 16, 2018, plaintiff filed a "request for interrogatories."  (ECF No. 23).  In it, plaintiff requests leave to "break [his] twenty-five interrog[ato]ries into three respective subparts" in order to "obtain non-conclusive, definitive answers from defendant[s]."  (<u>Id.</u> at 1 (brackets added)).  Defendants oppose this request on the grounds that plaintiff has not: (1) filed a request for an extension of time to serve discovery; (2) demonstrated good cause for a grant of the request; (3) diligently complied with the discovery and scheduling order, or (4) provided the requisite "particularized showing" in support of this request.  (<u>See</u> ECF No. 24 at 6-12).

////

////

3

## C.    Defendants' Motion for Summary Judgment

Defendants' motion for summary judgment, filed July 20, 2018 (ECF No. 25), argues that dismissal of this action is appropriate at this point because: (1) plaintiff cannot prove the essential elements of either his free exercise of religion claim or his retaliation claim. (See ECF No. 25-1 at 14-22). In addition, defendants argue, plaintiff's claim that his rights were violated when defendants stepped on his Torah has not been administratively exhausted. (See id. at 22). Finally, defendants contend that plaintiff cannot prevail against them in their personal capacities because they are protected by qualified immunity. (See id. at 23-24).

Plaintiff has yet to oppose this motion. He has, however, filed a motion for an extension of time to do so. (See ECF No. 26).

## III.    RELEVANT CONSIDERATIONS AND LAW

The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation.[2] This problem is compounded by a shortage of jurists to review its pending matters.[3] As a result, while meting out justice is imperative for this court, doing so in a manner as that is as efficient as possible is also important. See Fed. R. Civ. P. 1 (stating court has obligation to manage and dispose of cases in just, speedy and inexpensive manner).

Protracted litigation is to be expected at times. However, litigation that is drawn out due to uncooperative, unfocused, intentionally dilatory and/or antagonistic parties cannot and will not be tolerated. See Asea, Inc. v. S. Pac. Transp. Co.. 669 F.2d 1242, 1246 (9th Cir. 1981) ("Callous disregard of discovery responsibilities cannot be condoned."). "A district court has the discretion to impose the extreme sanction of dismissal if there has been flagrant, bad faith disregard of discovery duties." Porter v. Martinez, 941 F.2d 732, 733 (9th Cir. 1991) (per curiam) (citations omitted) (internal quotation marks omitted); see Oliva v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992) (stating district courts have inherent power to control their dockets and may impose

---

[2]  See Office of the Clerk, United States District Court, Eastern District of California, 2017 Annual Report, "Workload Statistics," p. 27 (2017) ("Our weighted caseload far exceeds the national average . . . ranking us 4th in the nation and 1st in the Ninth Circuit.").

[3]  See generally id. (stating 2017 Biennial Judgeship Survey recommended preliminary request for six additional permanent judgeships for Eastern District of California).

1    sanctions in exercise of that discretion); see generally 28 U.S.C. § 1915(e)(2)(B)(i) (permitting

2    dismissal of in forma pauperis cases if frivolous or malicious).

3         The sanction of dismissal is an extreme one. Therefore, it should only be imposed in

4    extreme circumstances. Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir.), cert.

5    denied, 479 U.S. 829 (1986).

6         Prior to imposing the sanction of dismissal, there are several factors the court must

7    consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to

8    manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

9    disposition of cases on their merits, and (5) the availability of less drastic sanctions." Malone v.

10   United States Postal Serv., 833 F.2d 128, 130 (9th Cir.), cert. denied, 488 U.S. 819 (1988)

11   (quoting Thompson). A district judge has an obligation to warn a plaintiff that dismissal is

12   imminent. Johnson v. United States Dep't of the Treasury, 939 F.2d 820, 825 (9th Cir. 1991)

13   (citing Hamilton v. Neptune Orient Lines, Ltd., 811 F.2d 498, 500 (9th Cir. 1987).

14        At the same time, imposing monetary sanctions on a party that is indigent is likely to be

15   ineffective. See, e.g., Porter, 941 F.2d at 734 (stating imposition of monetary sanctions on

16   litigant proceeding in forma pauperis is likely futile and unenforceable). In addition, it is an

17   abuse of discretion to select a sanction which cannot be performed. See Thomas v. Gerber Prod.,

18   703 F.2d 353, 357 (9th Cir. 1983).

19   IV.   DISCUSSION

20        A.   Defendants' Motions to Compel

21        A review of plaintiff's responses to defendants' twenty-one interrogatories and thirteen

22   document production requests (see ECF No. 17-2 at 4-8, 11-14) indicates that on their face,

23   plaintiff's responses are woefully inadequate, especially when one considers the lengths to which

24   defendants' have gone to act in good faith and accommodate plaintiff's substantial discovery

25   requests.[4] (See generally id. at 18-23; see also ECF No. 18 at 5-14). Indeed, plaintiff's responses

26   _____

27   [4] According to defendants, plaintiff has already served a first round of twenty-five interrogatories
     on defendants, to which they have responded. (See ECF No. 24 at 5). Thereafter, without leave
     of court, plaintiff also propounded three additional sets of interrogatories to which defendants

28   have also responded given that they fell within the numerical limits set by Federal Rule of Civil

smack of an intent to split hairs at the very point in this litigation that provides him with the opportunity to present in great detail any and all information in support of his claims. This is incongruent with a litigant who genuinely wishes to resolve this action and possibly receive relief on his claims.

Given that plaintiff's responses in both sets of discovery are evasive and incomplete, they must be treated as failures to respond, which are subject to sanctions. <u>See</u> Fed. R. Civ. P. 37(a)(4) (stating evasive and/or incomplete responses must be treated as failures to respond); <u>see</u> <u>also</u> Fed. R. Civ. P. 37(d)(1)(A)(ii) (authorizing sanctions for failure to respond). The following examples clearly demonstrate the generally deficient nature of plaintiff's discovery responses. Their low quality warrants the court issuing a clear warning to plaintiff that this action will be dismissed should he continue to provide similarly inadequate discovery responses:

1. <u>Example No. 1: Plaintiff's Responses to Defendants' Interrogatories</u>

Plaintiff's claims in the FAC are that on May 6, 2015, around 1:00 a.m., defendants: (1) retaliated against him during their search of his jail cell, and (2) violated his right to free exercise of religion during their search of his jail cell. (<u>See</u> ECF No. 10 at 3, 6-8 (court's second screening order); <u>see</u> <u>also</u> ECF No. 8 at 3-4 (plaintiff's viable claims in FAC)). He also speaks of his "religious beliefs" and says that he is Jewish. (<u>See</u> ECF No. 8 at 3).

In plaintiff's FAC, plaintiff does not allege that he was retaliated against or that his right to free exercise of religion was infringed upon on any other day or at any other time, nor does he state he practices any other faith. (<u>See</u> <u>generally</u> ECF No. 8 (plaintiff's FAC)). Despite this fact, when plaintiff was presented with specific interrogatories related to these facts, he provided the following responses:

////

////

_____

Procedure 33. (<u>See</u> ECF No. 24-1 at 2-3). Defendants have also responded to plaintiff's requests for production of documents. (<u>See</u> <u>id.</u> at 3). In addition, on May 7, 2018, counsel for defendants stated that he received and intended to respond to plaintiff's three separate sets of requests for admissions propounded on each of the three defendants by May 28, 2018, pursuant to the scheduling order. (<u>See</u> <u>id.</u>).

**INTERROGATORY NO. 3:**

"Please identify all documents which support your contention that you held a sincere religious belief as of May 6, 2015." (ECF No. 17-2 at 6 (defendants' Interrogatory No. 3)).

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 3:**

"Objection. Defendants pose this as a request for production of documents; [sic] in which [sic] they have not submitted in this case; [sic] for these reasons plaintiff dose [sic] not know what defendants['] request ask for and this interrogatory can not [sic] be answered." (ECF No. 18 at 6-7 (brackets added) (plaintiff's response to Interrogatory No. 3)).

Thereafter, in plaintiff's opposition, to support this answer, plaintiff writes, "Plaintiff interpreted this guised [sic] interrogatory as a request for production. Plaintiff accordingly stands by his objection." (Id. at 7).

Documents plaintiff could have identified that support his contention that he had sincerely-held religious beliefs on May 6, 2015, could have been any of the following: forms filed to receive kosher meals,[5] purchase receipts for religious calendars, logs indicating he regularly attended religious services, notes from those services – the possibilities are extensive. Plaintiff refusing to simply identify any documents that would support his claim that he had sincerely-held religious beliefs on May 6, 2015, appears to indicate that plaintiff is actively choosing to shirk his responsibility to act in good faith by responding to these interrogatories to the best of his ability.

Plaintiff's evasiveness is also reflected in his response to Interrogatory No. 5:

**INTERROGATORY NO. 5:**

"If you contend Defendant Foster violated your free exercise of religion on May 6, 2015, during a search of your jail cell, please identify all witnesses (including full name, address, and telephone number) whom [sic] support your contention." (ECF No. 17-2 at 6 (brackets added) (defendants' Interrogatory No. 5)).

_____

[5] Plaintiff does state that he has produced a copy of his CDCR 3030 form. (See ECF No. 19 at 2). A CDCR 3030 form is a religious diet request form used by the California Department of Corrections and Rehabilitation.

<u>**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 5:**</u>

"Objection. This question is compound, cumalitive [sic] vauge [sic], ambiguous, and over broad, calls for speculation as [to] who was watching. Due to this plaintiff [is] unable to answer." (ECF No. 18 at 6-7 (brackets added) (plaintiff's response to Interrogatory No. 5)).

In plaintiff's opposition, in support of this answer, plaintiff writes, "Plaintiff properly objected to this, first it was not the first time the three [defendants] had been at plaintiff's cell [illegible] it lacks facts which to draw from, and calls for plaintiff to make a [sic] untruthful guess. Plaintiff stands by his objection." (ECF No. 18 at 7-8).

Thereafter, plaintiff goes on to provide similar responses to similar interrogatories presented by defendants. (<u>See, e.g.</u>, ECF No. 17-2 at 19-21 (plaintiff's responses to Interrogatory Nos. 5, 8, 11, 14, 17, 20)). He does so despite the fact that he has consistently indicated in his pleadings that his cellmate was present at the time his cell was searched and that defendants – the alleged perpetrators – were clearly present as well. (<u>See</u> ECF No. 8 at 4 (plaintiff stating "others" went into his cell "where <u>we</u> couldn't see them"); <u>see also</u> ECF No. 8 at 5 (plaintiff stating cellmate responded to defendants' interrogation); <u>see also</u> ECF No. 18 at 3 (plaintiff stating same)). Thus, these individuals could have been identified by plaintiff in response to this interrogatory (and those like it), and plaintiff's objections to them as "vague," "ambiguous" or "speculative as to who was watching," without more, are wholly disingenuous.[6]

Moreover, plaintiff's response in April 2018 that he believed some of the interrogatories constituted improper document production requests is also implausible. On February 2, 2018, plaintiff propounded both interrogatories and requests for production of documents to defendants. (<u>see</u> ECF No. 24-1 at 2-3). This request indicates that plaintiff knows the difference between the

---

[6] The same can be said for plaintiff's responses to the interrogatories which ask plaintiff to state all facts that support his contentions that his right to free exercise of religion was violated and that he was unconstitutionally retaliated against. In them, plaintiff objects that the requests for supporting facts are "overbroad," "ambiguous," and/or "vague as to time and incident," (<u>see</u> <u>generally</u> ECF No. 17-2 at 18-22 (plaintiff's responses to defendants' Interrogatory Nos. 4, 7, 10, 13, 16, 19)). While such an initial response to an interrogatory is often done pro forma, not to follow it up with at least a minimally substantive answer is not.

two and is not likely to have confused them.

Plaintiff objects to these interrogatories asking him to state facts that <u>support</u> his contentions that his constitutional rights have been violated – despite the fact that he has already repeatedly stated these facts in his original pleading, his FAC, and his opposition to the motion to compel. (<u>see</u> ECF Nos. 1, 8, 18 at 2-4). Thus the court finds that these objections are baseless. without merit. For these reasons, defendants' motion to compel responses to their interrogatories (<u>see</u> ECF No. 17) will be granted, and plaintiff will be ordered to respond with specificity to each of defendants' interrogatories or risk dismissal of this case.

          2.  <u>Example No. 2:  Plaintiff's Responses to Defendants' Document Production Requests</u>

In plaintiff's written response to defendants' document production requests, plaintiff alleges that his production responses have been done in "good faith" despite the fact that defendants submitted the requests outside the discovery window. (<u>See</u> ECF No. 19 at 1). However, plaintiff's responses to defendants' thirteen document production requests are no different than his responses to defendants' interrogatories. They, too, are nonresponsive and/or inadequate. (<u>See</u> <u>generally</u> ECF No. 19). For example, with respect to defendants' Production Request No. 1, the following occurred between the parties:

**<u>PRODUCTION REQUEST NO. 1:</u>**

"[Please produce] [a]ll documents identified in response to Interrogatory No. 3 [which asks for documents which support your contention that you held a sincere religious belief as of May 6, 2015]." (<u>see</u> ECF No. 17-2 at 6, 13 (brackets added)).

**<u>PLAINTIFF'S RESPONSE TO PRODUCTION REQUEST NO. 1:</u>**
Objection.  Defendants['] request is overbroad, ambiguice [sic], vauge [sic] compound and conclusive as to time, place and religious practice involved in. Without waiving these objections, plaintiff has produced a copy of his CDCR 3030 form. Also, Defendants are in possession of Complaint number 2:15-cv-1558 JAM KJN bound for trial in [sic] June 2018. This case deals exclusively with plaintiff's religious beliefs, tenats [sic], and practices of Kashroth in accordance with the Torah and beliefs held by my people. Accordingly All [sic] the defendants have passed out meals at the Lassen County Jail, and by packaging, and said packaging clearly marked as "kosher," Defendants, unless a lay person, know plaintiffs [sic] religious adhearances [sic].

(ECF No. 19 at 2 (brackets added)).

This answer explaining why plaintiff cannot produce documents is unacceptable for several reasons. First, plaintiff has clearly stated throughout his pleadings that he practices Judaism. (Compare ECF No. 19 at 2, with ECF No. 8 at 3 (plaintiff stating he is Jewish, eats kosher food, and was fasting prior to Yom HaShoah – a Jewish observance day – the day before the incident at issue)). Second, plaintiff may not simply refer defendants to documents in another matter plaintiff has pending in which prison officials are also parties, in part, because plaintiff has the best access to those court documents. See generally Fed. R. Civ. P. 34 (stating documents sought in discovery motions must be within "possession, custody or control" of party upon whom request is served).

Additionally, plaintiff does not indicate with specificity precisely what in those documents would show that as of May 6, 2015, plaintiff had sincerely-held religious beliefs. Discovery responses must be made in good faith. See generally Fed. R. Civ. P. 26(g)(1)(B)(ii)-(iii) (stating signed discovery responses and objections certify they were neither interposed for any improper purpose, nor were they unreasonable or unduly burdensome). Finally, plaintiff's assertion that because the food served to him is clearly marked "kosher," defendants know his "religious adhe[]rences" is unsubstantiated, presumptive, and nonresponsive given that supporting documents are what are being requested, not what plaintiff believes defendants know.

Establishing that plaintiff had sincerely-held religious beliefs at the time his rights were violated is key to plaintiff receiving relief in this action. See Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008) (stating Free Exercise Clause implicated when prison practice burdens inmate's sincerely-held religious beliefs); see generally Hartmann v. California Dep't of Corrections and Rehabilitation, 707 F.3d 1114, 1122 (9th Cir. 2013) (stating plaintiff must allege facts showing government denied opportunity to pursue faith). Therefore, it is part of what plaintiff – not defendants – must establish either by identifying and locating specific documents in plaintiff's file or gathering substantive declarations that establish this. Plaintiff fails to recognize that, "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."[7] <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

In sum, a majority of plaintiff's responses to defendants' document production requests are objections that are clearly without merit. (<u>See generally</u> ECF No. 19). Plaintiff's improper refusal to produce documents for twelve of defendants' thirteen production requests under the guise that they are "repetitive" (<u>see, e.g.</u>, ECF No. 19 at 2-4) appears to further demonstrate plaintiff's lack of interest in prosecuting this matter. For these reasons, the court will also grant defendants' motion to compel production of documents. (<u>See</u> ECF No. 17). As a result, plaintiff will be ordered to respond with specificity to each of defendants' document production requests or risk dismissal of his case.

B.   <u>Defendant's Motion for Monetary Sanctions or Dismissal</u>

On their face, plaintiff's discovery responses demonstrate the "flagrant, bad faith disregard of discovery duties" that sanctions warrant. <u>See</u> <u>Porter</u>, 941 F.2d at 733. However, given that: 1) the court is obligated to warn litigants prior to implementing the sanction of dismissal; (2) less rigid standards are typically applied to pleadings of pro per litigants (<u>See generally</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972)), and (3) the imposition of monetary sanctions is likely to be ineffective given plaintiff's indigent status, the court will not impose sanctions at this time.

Instead, it will give plaintiff the benefit of the doubt and afford him a final opportunity to act in good faith by providing reasonable responses to defendants' discovery requests. however, this order shall serve as the requisite warning under <u>Johnson</u> that dismissal may occur should plaintiff fail a second time to submit good faith responses. <u>See</u> <u>Johnson</u>, 939 F.2d at 825.

C.   <u>Plaintiff's Request to Expand Discovery</u>

Although plaintiff's request to expand discovery is somewhat convoluted (<u>see</u> ECF No. 23), it appears that he is asking for leave to split each of the twenty-five interrogatories for each of the three defendants into three subparts, effectively permitting him to pose seventy-five

---

[7] Plaintiff did eventually produce a CDCR 3030 form from 2009 and a 2015 form requesting a kosher meal. (<u>See</u> ECF No. 21 at 6-7). This, however, does not mitigate the fact that overall, plaintiff's responses to defendants' production requests are deficient.

interrogatories per defendant instead of twenty-five interrogatories per defendant. (See id. at 1-2). Plaintiff states this is necessary: (1) because he has been forbidden to copy documents at his own cost, and (2) so that "vague, ambiguous" or "elusive" responses from defendants can be avoided. (See id.).

These reasons for expanding discovery do not constitute good cause. Plaintiff's has two claims alleged against three defendants: a retaliation claim, and a free exercise of religion claim. The elements needed to prove each cause of action are not complicated, nor do they require extensive discovery that would warrant granting plaintiff's request to expand discovery. Moreover, given that to date, plaintiff has failed to adequately respond to defendants' discovery requests, it would be unfair to defendants to grant plaintiff such broad discovery leeway at this point in the proceedings. Consequently, the request to expand discovery (see ECF No. 23) will be denied without prejudice.

D.      Defendants' Motion for Summary Judgment / Plaintiff's Extension Request

As for defendants' motion for summary judgment and plaintiff's motion for an extension of time to oppose it (see ECF Nos. 25, 26), in light of the court's decision to require plaintiff to provide substantive, specific responses to defendants' discovery requests, the court will deny both motions at this time without prejudice pending plaintiff's production of discovery as ordered herein. However, after plaintiff has provided discovery to defendants in good faith, should defendants believe a renewal of the motion is appropriate, the court will consider it as well as any other appropriate dispositive motions of the parties.

Accordingly, IT IS HEREBY ORDERED that:

1.      Defendants' motion to compel responses to their interrogatories and requests for production of documents and their motion for monetary sanctions (ECF No. 17) is GRANTED in part and DENIED in part as follows;

a.      Defendants' motion therein to compel responses to interrogatories (set one) is GRANTED;

b.      Defendants' motion therein to compel responses to request for production of documents (set one) is GRANTED, and

c.   Defendants' motion therein for monetary or dismissal sanctions is DENIED without prejudice.

2.   Within sixty days of the date of this order, plaintiff is to provide specific, responsive answers to defendants' interrogatories (set one) and defendants' document production requests (set one), and

3.   Plaintiff's request to expand discovery (ECF No. 23) is DENIED without prejudice.

4.   Defendants' motion for summary judgment (ECF No. 25) is DENIED without prejudice yet subject to renewal pending the resolution of the outstanding discovery issues discussed herein, and

5.   Plaintiff's motion for an extension of time to file objections to defendants' motion for summary judgment (ECF No. 26) is DENIED as moot.

Dated:  September 5, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/hoff1527.mtc.msj.eot