UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMANN,<br><br>    Plaintiff,<br><br>    v.<br><br>LUCKY PRICE, et al.,<br><br>    Defendants. | No. 2:15-cv-1527 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 5, 2018, plaintiff filed "Plaintiff's Intent to Withdraw Complaint, Dismissing the Case" ("motion to stay")[1] in this action. (ECF No. 28). Defendants filed an opposition to the motion on November 26, 2018. (ECF No. 29). For the reasons stated herein,

////

---

[1] In this motion as well as in plaintiff's opposition to defendants' motion to dismiss, plaintiff uses the term "stay" and "motion to withdraw" interchangeably. (See generally ECF Nos. 28, 32). To minimize confusion as well as to construe the pleading in a light most favorable to plaintiff, the court will consider the pleading a motion to stay and refer to it as such throughout this order. See generally Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating pro se document is to be liberally construed and held to less stringent standard than formal pleadings drafted by lawyers).

the court will deny plaintiff's motion to stay. The court will also recommend that defendants' motion to dismiss be granted.

**I.     RELEVANT FACTS**

   **A.     Plaintiff's Claims**

Plaintiff alleges that on May 6, 2015, at approximately 1:00 a.m., defendants Foster, Price, and Roberts woke him up and told him to produce stolen socks and a razor or else they would search his cell. (ECF No. 8 at 3). Defendants then forced plaintiff to exit his cell so that it could be searched, even though plaintiff's cellmate had turned over the pair of socks that had apparently gone missing earlier in the day. (Id.). Plaintiff contends that during the search, defendants disrespected plaintiff's religion by going through his kosher food bags, which made the food no longer kosher, and denied plaintiff the ability to properly break his fast with kosher food items. (Id.). He alleges that defendants also went through envelopes clearly marked "legal mail," which plaintiff states had "kites (illegal inmate communication)" in them. He states that defendants also stepped on his Torah. (Id.). Plaintiff claims that defendants' actions violated his First, Fourth, Sixth, and Eighth Amendment rights.

Based on the facts alleged in plaintiff's first amended complaint, on September 22, 2017, the court found that plaintiff had cognizable Section 1983 claims for relief against defendants based upon interference with the free exercise of religion and retaliation. (See ECF No. 10 at 3).

   **B.     Relevant Procedural History**

On January 8, 2018, the court issued a discovery and scheduling order in this matter. (ECF No. 16). On March 15, 2018, defendants filed two motions to compel discovery[2] and a motion for monetary or dismissal sanctions. (ECF No. 17). Plaintiff opposed the motions on April 2, 2018. (ECF No. 18). He filed answers to defendants' document production requests on April 6, 2018. (ECF No. 19). Defendants filed a reply on April 9, 2018.[3] (ECF No. 20). The

---

[2] The two motions to compel were a motion to compel interrogatory responses and a motion to compel the production of documents. (See ECF No. 17). Defense counsel has stated that prior to filing the instant motion to compel, on February 26, 2018, he sent plaintiff a meet and confer letter in compliance with federal and local rules. (See ECF No. 17-2 at 2-3, 25-26).

[3] In defendants' reply to plaintiff's opposition to their motion to compel, they stated that

same day, plaintiff filed a supplement to his answers to defendants' document production requests. (ECF Nos. 21, 22).

Thereafter, on April 16, 2018, plaintiff filed a request to expand discovery. (ECF No. 23). On May 7, 2018, defendants filed an opposition to plaintiff's request to expand discovery. (ECF No. 24). On July 20, 2018, defendants filed a motion for summary judgment. (ECF No. 25). Plaintiff filed an extension of time to respond to the motion for summary judgment on August 1, 2018. (ECF No. 26).

On September 5, 2018, the court granted in part and denied in part defendants' motion to compel and motion for monetary sanctions. (See ECF No. 27). Specifically, defendants' two motions to compel were granted. (See id. at 12). As a result, plaintiff was ordered to provide "specific, responsive answers" to defendants' discovery requests, and he was given sixty days within which to do so.[4] (See id. at 13). Defendants' motion for monetary or dismissal sanctions was denied without prejudice subject to renewal pending the resolution of the outstanding discovery matters. (See id. at 13). The parties' filings related to defendants' motion for summary judgment were also denied pending the resolution of the discovery issues. (See id. at 1, 12). Plaintiff's request to expand discovery was also denied without prejudice. (See id. at 13).

On November 5, 2018, plaintiff filed the instant motion to stay (ECF No. 28), which defendants opposed on November 26, 2018 (ECF No. 29). On December 28, 2018, defendants filed the instant motion to dismiss (ECF No. 31), which plaintiff opposed on January 10, 2019 (ECF No. 32). On January 17, 2019, defendants filed a reply. (ECF No. 33).

The court considers plaintiff's claims and the content of the pleadings identified in this procedural history in the analysis herein.

////

////

---

plaintiff's responses to the document production requests were "completely deficient and contain[ed] meritless objections." (ECF No. 20 at 3) (brackets added).

[4] This made plaintiff's responses to defendants due on Monday, November 5, 2018.

3

## II. PLAINTIFF'S MOTION TO STAY

### A. Plaintiff's Motion

On November 11, 2018, plaintiff filed the instant motion to stay. (See ECF No. 28 at 1). The motion reads in its entirety as follows:

> Plaintiff request[s] to withdraw his case based on the happenings of Case No. 2:15-cv-1558-KJN. Plaintiff wishes to reserve the right to refile on this case after Case No. 2:15-cv-1558-KJN has been appealed. At this time plaintiff request[s] a stay on this case until the above mentioned [sic] case is appealed; or to be able to dismiss the case with leave of the Court to refile.

(Id.) (brackets added).

### B. Defendant's Opposition

In opposition to plaintiff's motion to stay, defendants argue that: (1) plaintiff has "provided no basis to justify his request for a stay of the instant proceedings" and "no rule of law, rule of court, or case precedent . . . would support his request"; (2) the four factors traditionally considered by the court when determining whether a stay should be granted warrant a denial of the stay motion as well, and (3) plaintiff's request is an attempt to delay litigation and to deny defendants the written discovery to which they are entitled. (See generally ECF No. 29 at 3-7) (citing to Perez v. Mims, 2017 U.S. Dist. LEXIS 11255, at *4-5 for four stay factors to consider).

### C. Relevant Law

"'A stay is not a matter of right, even if irreparable injury might otherwise result.' . . . It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" Nken v. Holder, 556 U.S. 418, 433 (2009) (brackets in original) (quoting Virginian R. Co. v. United States, 272 U.S. 658, 672-73 (1926)). "The traditional stay factors contemplate individualized judgments in each case." Nken, 556 U.S. at 433 (quoting Hilton v. Braunskill, 481 U.S. 770, 777 (1987)). "The fact that the issuance of a stay is left to the court's discretion does not mean that no legal standard governs that discretion." Nkeh, 556 U.S. at 434 (internal quotation marks omitted). "A motion to a court's discretion is a

////

4

motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles." Id. (brackets omitted) (citations omitted).

The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. Nken, 556 U.S. at 433-34. When determining whether a stay should be granted, the court considers the following four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 434; Latta v. Otter, 771 F.3d 496, 498 (9th Cir. 2014) (quoting Nken). The first two factors are the most critical. Nken, 556 U.S. at 434. It is not enough that the chance of success on the merits be "better than negligible." Id. (quoting Sofinet v. INS, 188 F.3d 703, 707 (7th Cir. 1999)).

**D. Discussion**

Having considered each of the Nken factors, the court shall deny plaintiff's stay motion.[5] It does so for the following reasons:

**1. Likely to Succeed on the Merits**

First, plaintiff has not made a strong showing that he is likely to succeed on the merits in this matter. As the court noted in its September 5, 2018, order, some of the discovery defendants have requested of plaintiff – which he has chosen not to provide – is discovery that would actually support his case and/or is discovery to which only he has access.[6] (See generally ECF

---

[5] The court notes that the larger part of plaintiff's argument in support of the motion to stay is argued in his opposition to defendants' motion to dismiss. (Compare ECF No. 28, with ECF No. 32). Therefore, the court will primarily reference plaintiff's opposition to the motion to dismiss throughout its analysis of plaintiff's motion to stay.

[6] For example, the court found that plaintiff simply identifying documents that supported his contention that he held a sincere religious belief as of May 6, 2015, in response to defendants' Interrogatory No. 3 would help his case. (See ECF No. 27 at 7). The court also found that plaintiff simply identifying witnesses that would support his contention that defendant Foster violated his right to free exercise of religion in response to defendants' Interrogatory No. 5 would help his case as well. (See id. at 7-9). Despite these facts, plaintiff has yet to produce a majority of this information to defendants. (See ECF No. 31-1 at 6, 8) (defendants' December 2018 motion to dismiss stating plaintiff has failed to submit any discovery responses since the court's September 2018 order).

5

No. 27 at 7-11). Nevertheless, plaintiff has failed three times to produce it to defendants. The first time, it was after defendants had requested it on January 8, 2018. (See ECF No. 17-2 at 2). The second time, it was after defendants had requested it on February 26, 2018, in their meet and confer letter. (See ECF No. 17-2 at 2-3, 25-26). The third time plaintiff failed to produce discovery to defendants was after the court ordered it to be produced on September 5, 2018. (See ECF No. 27 at 13). Given that plaintiff has filed multiple actions in this court,[7] it appears that he is readily familiar with federal court proceedings. As such, it is highly unlikely that plaintiff's failure to produce outstanding discovery to defendants and/or respond to this court's September 2018 order was a mistake, an oversight, or due to events that were beyond his control. The record does not show otherwise.

As the court stated in its September 2018 order (see id. at 10), establishing that plaintiff had sincerely-held religious beliefs at the time his rights were violated is key to plaintiff receiving relief in this action. See Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008) (stating Free Exercise Clause implicated when prison practice burdens inmate's sincerely-held religious beliefs); see generally Hartmann v. California Dep't of Corr. and Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (stating plaintiff must allege facts showing government denied opportunity to pursue faith). Consequently, plaintiff providing discovery which supports this fact is essential.

The record indicates that after defendants filed the March 2018 motion to compel,[8] in April 2018, in response to Production Request No. 1, plaintiff produced two documents to

---

[7] Defendants state that plaintiff has filed twenty-one civil cases and one petition in this court). (See ECF No. 24 at 6, n.1). Plaintiff does not deny this.

[8] Defendants' motion to compel, filed March 15, 2018, stated that "Plaintiff's discovery 'responses' to the interrogatories served on February 13, 2018, completely evade[d] the basic questions and provide[d] almost no substantive information," and that "Plaintiff [did] not respond[] to the document request." (See ECF No. 17-1 at 2; see also ECF No. 17-2 at 2) (brackets added). It also stated that each of the twenty-one interrogatories served on plaintiff were objected to and that they "provided virtually no substantive information," nor did plaintiff verify his responses. (See ECF No. 17-1 at 3; see also ECF No. 17-2 at 2). As a result, in addition to asking the court to compel plaintiff to respond, defendants asked the court to impose monetary and/or dismissal sanctions on plaintiff. (See ECF No. 17-1 at 3-4).

6

support the fact he had sincerely-held religious beliefs as of May 6, 2015, the date in question. (See ECF No. 21 at 5-7). However, plaintiff produced nothing in response to Production Request Nos. 2-13, instead arguing either: (1) the requests were repetitive; (2) defendants already had access to the documents via his Hoffman v. Jones, No. 2:15-cv-1558 JAM KJN P (E.D. Cal. Nov. 2, 2018)[9] ("Jones") case, or (3) his inability to access his booking file prevented him from providing requested documents.[10] (See ECF No. 21 at 2-4). With respect to defendants' interrogatories, plaintiff had also failed to identify any witnesses who could support his allegations. (Compare ECF No. 17-2 at 6-8 (defendants' Interrogatory Nos. 2, 5, 8, 11, 14, 17, and 20 asking for identities of supporting witnesses), with ECF No. 18 at 6-13 (plaintiff's inadequate answers to Interrogatory Nos. 2, 5, 8, 11, 14, 17, and 20 regarding why he cannot identify supporting witnesses)). Nothing has changed since the court ordered plaintiff to produce this discovery. (See generally ECF No. 31) (defendants' motion to dismiss).

Based on plaintiff's decision to provide minimal discovery responses, the court can only conclude that either the information plaintiff has is not sufficiently persuasive, or it does not exist. If either is the case, then the court finds that plaintiff cannot make a "strong showing that he is likely to succeed on the merits." See Nken, 556 U.S. at 434.

### 2. Irreparable Harm Absent a Stay

Plaintiff states that if he is not granted a stay, he fears that defendants will use the jury verdict in Jones in the instant action to show that "[his] religious beliefs were not violated." (See ECF No. 32 at 2) (brackets added). The jury in Jones found that defendant Jones did not deprive

////

---

[9] The court takes judicial notice of this matter. See Fed. R. Evid. 201(b). "Hoffman v. Jones," No. 2:15-cv-1558 JAM KJN P (E.D. Cal. Nov. 2, 2018) is listed on the District Court docket as "Hoffman v. Lassen Adult Detention Facility." Lassen Adult Detention Facility and all other defendants except for Jones were eventually dismissed as defendants. (See Jones, ECF No. 4 at 3-4). Despite these facts, because the parties refer to the matter as "Jones," to minimize confusion, the court will do so herein as well.

[10] To the extent that plaintiff implies that because of defendants he was unable to access personal files that would have supported his case, plaintiff should have sought assistance from the court to obtain them.

7

plaintiff of his First Amendment right to free exercise of religion. (See Jones, ECF No. 155 at 1) (jury verdict).

The court does not attempt to determine the reasoning behind the jury verdict in Jones. Furthermore, it need not determine the propriety, possibility and/or likelihood that defendants will use the jury verdict in Jones to establish that plaintiff's religious beliefs were not violated in the instant action. The court does note, however, that these are two different matters with completely different defendants and completely different sets of facts.[11] It also notes that to date, defendants have made no effort to use the Jones verdict as part of its defense in this case. In addition, plaintiff has not presented viable claims or facts which show that the final appellate decision in Jones will affect the outcome of the instant action. (See generally ECF No. 28, 33).

Moreover, if these cases were legitimately linked in such a way that warranted a stay of the instant action, this is an eleventh-hour request on plaintiff's part. This case has been on this court's docket since July 16, 2015 (see ECF No. 1), and Jones has been on the court's docket since July 9, 2015 (see Jones, ECF No. 1). In neither case, has plaintiff ever asserted – until now – that the cases consist of "essentially the same issues with the same defendants" (see ECF No. 32 at 3). In sum, the last-minute nature of the request to stay this action supports its denial as well. See, e.g., Kansas City Southern Ry. Co. v. United States, 282 U.S. 760, 764 (1934) (finding defendants' raising pendency of earlier suit on day of final hearing and several months after suit had begun did not warrant disturbing District Court action). Furthermore, given plaintiff's conduct to date, his sudden concern with "comity, efficient allocation of judicial resources and fairness to parties" (see ECF No. 32 at 3), rings glaringly hollow.

Finally, plaintiff's arguments regarding how defendants might use the Ninth Circuit's final decision in Jones to support his stay request are wholly speculative. Simply showing some possibility of irreparable injury fails to satisfy the irreparable harm prong. See Nkeh, 556 U.S. at

---

[11] In Jones, plaintiff alleged that defendant Jones denied him a kosher diet while housed in the Lassen County Jail. (See Jones, ECF No. 9 at 3-14; ECF No. 10 at 1-3). Jones is currently on appeal in the Ninth Circuit. (See Jones, ECF Nos. 158-60). Defendants in the instant action, none of whom are defendant Jones, are accused of retaliation, of interference with his kosher food bags, and of stepping on his Torah. (See generally ECF No. 8 at 2-6; ECF No. 10 at 3).

8

434-35 (internal citation omitted). In light of these facts, it is unclear how staying this action while plaintiff seeks to overturn the verdict in Jones will prevent plaintiff from being irreparably harmed. For these reasons, the court finds that plaintiff has not adequately demonstrated irreparable harm to support a grant of his motion to stay. See Nkeh, 556 U.S. at 434.

### 3. Substantial Injury to Other Interested Parties

In defendants' opposition to plaintiff's motion to stay, defendants contend that they will be substantially injured if plaintiff is permitted to dismiss this matter without prejudice because it will "force them to begin again, when Plaintiff inevitably refiles the action as he indicated he intends to do following the resolution of his appeal in . . . Jones." (ECF No. 29 at 6). Defendants cite to Federal Rule of Civil Procedure 41 and case law to further support their argument that plaintiff's motion to stay or dismiss should be denied. (See generally id. at 3-7).

Given the facts that: (1) this matter has been on the docket for over three and a half years; (2) defendants have been consistently diligent in litigating this matter; (3) defendants have been more than accommodating to plaintiff throughout the discovery process,[12] (4) the court denied both defendants' March 2018 motion for sanctions (ECF No. 17) and their July 2018 motion for summary judgment (ECF No. 25) in order to give plaintiff another chance to properly respond to defendants' discovery (see ECF No. 27 at 13), and (5) plaintiff's failure to produce substantial discovery to defendants (see ECF No. 31-1 at 1-3) have prevented defendants from being able to receive a timely resolution of this matter, the court finds that staying this matter would inflict substantial injury on defendants. See generally Nken, 556 U.S. at 434.

### 4. Where the Public Interest Lies

Finally, both the court and the public have an interest in the court disposing of cases in an expedient manner. See generally Fed. R. Civ. P. 1; see also Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (presuming public has interest in expeditious litigation). To date, plaintiff has failed to respond adequately to discovery for months on end despite having received

---

[12] As the undersigned noted in its September 2018 order, an example of defendants accommodating plaintiff includes defendants responding to plaintiff's unapproved discovery requests without protest. (See ECF No. 24-1 at 2-3; see also ECF No. 27 at 5-6, n.4).

a specific court order to do so. Most of this discovery would be helpful to his case. These actions, or lack thereof, could reasonably be deemed a failure to prosecute. See Moore v. Telfon Communications Corp., 589 F.2d 959, 967 (9th Cir. 1978) (stating plaintiff's resistance to discovery may have impeded prosecution of action). "Failure to prosecute diligently alone justifies dismissal, even when actual prejudice to the defendant is not shown." Moore, 589 F.3d at 967, but see Mir v. Fosburg, 706 F.2d 916, 919 n.2 (9th Cir. 1983) (stating Moore proposes length of delay may indicate prejudice and noting Moore Court then also focused on whether prejudice actually arose from delay).

In addition, plaintiff has unilaterally propounded discovery without having been given leave to do so. (See ECF No. 24-1 at 5) (defense counsel declaring plaintiff propounded three more sets of interrogatories which included twenty-five interrogatories each on each defendant on February 13, 2018 without seeking leave of court). In sum, plaintiff's behavior throughout these proceedings indicates that plaintiff is likely to continue to disregard the rules of this court, and that as a result, this matter will stay on calendar without resolution longer than necessary. This, in turn, will hinder the court's ability to address other matters on its calendar in a timely manner. Consequently, the court finds that staying this case would not be in the best interests of the public. See Nken, 556 U.S. at 434.

In sum, none of the four Nkeh factors support a grant of plaintiff's motion to stay. Therefore, the court will deny the motion.

## II. DEFENDANTS' MOTION TO DISMISS

### A. Defendants' Motion to Dismiss

Defendants ask the court to dismiss this action pursuant to Federal Rules of Civil Procedure 37 and 41 and Local Rule 110. (See ECF No. 31-1 at 3-9). They argue that dismissal is warranted because plaintiff has failed to participate in good faith during discovery and because he has also failed to obey this court's September 5, 2018, order to provide further discovery responses to defendants. (See id.). Defendants further contend that plaintiff's instant motion to stay the proceedings is a "conspicuous attempt to stall and unnecessarily delay these proceedings." (ECF No. 31-1 at 2). In support of the motion to dismiss, defendants identify the

five factors that govern Rule 37 and Rule 41 dismissals which parallel those listed in <u>Malone v. United States Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) and address why each one supports a dismissal of this action. (<u>See</u> ECF No. 31-1 at 3-9).

### B. Plaintiff's Opposition

Plaintiff contends that defendants' assertions that he has not complied with the court's discovery orders are "plausibly [sic] false on there [sic] face." (ECF No. 32 at 2) (brackets added). This is because he filed his "voluntary motion to withdraw" before the end of the sixty-day deadline the court gave him to provide responses to defendants' discovery requests.[13] (<u>See</u> <u>id.</u>). Plaintiff asserts that the "voluntary motion to withdraw" was "in effect . . . a simultaneous request to stay the proceedings" pending the resolution of his appeal in <u>Jones</u>. (<u>See</u> ECF No. 32 at 2). He states that he requested the stay in order to prevent defendants from using the district court verdict in <u>Jones</u> to show that his religious beliefs in the instant matter were not violated. (<u>See</u> <u>id.</u> at 2-5). Granting the stay, plaintiff contends, will prevent him from being "expose[d] . . . to prejudice in [sic] preserving a central issue in [plaintiff's] complaint." (<u>Id.</u> at 4).

### C. Defendants' Reply

In defendants' reply, they reiterate that the matter should be dismissed for failure to comply with the court's order to provide additional discovery responses. (<u>See</u> ECF No. 33 at 2-3). They also state that no good cause exists to stay the proceedings. (<u>See</u> <u>id.</u> at 2). On the contrary, defendants contend, the verdict in <u>Jones</u> has no bearing on the resolution of the instant proceedings. (<u>See</u> <u>id.</u> at 3-4). Furthermore, they argue, plaintiff "repeatedly suggests" that it is unlikely that he can prove the sincerity of his religious beliefs, and if this is the case, then plaintiff's voluntary dismissal request should be granted, but with prejudice. (<u>See</u> <u>id.</u> at 4).

### D. Relevant Law

#### 1. Federal Rules of Civil Procedure 37 and 41; Local Rule 110

Federal Rule of Civil Procedure 37 governs sanctions for failure to comply with a court order during discovery. It states in relevant part:

---

[13] Plaintiff cites to no case law that permits such a filing and the simultaneous disregard of a court order. (<u>See generally</u> ECF No. 32).

11

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: . . . dismissing the action or proceeding in whole or in part.

Fed. R. Civ. P. 37(b)(2)(A)(v).

Federal Rule of Civil Procedure 41 governs sanctions for failure to prosecute and failure to obey a court order. It states in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action of any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . and any dismissal not under this rule . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Local Rule 110 for the Eastern District governs sanctions for noncompliance with its rules. It states: "Failure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by stature or Rule within the inherent power of the Court." L.R. 110 (E.D. Cal. 2009).

### 2. Case Law: Malone Factors

"Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (citation omitted). In the ordinary civil case, pro se litigants are to be treated no differently than parties with attorneys of record. See Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir. 1986).

"Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." Malone, 833 F.2d at 130 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). Although there is a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics. Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991).

////

////

The Ninth Circuit has clearly identified the factors to consider when dismissing a case for failure to comply with a court order. It writes:

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Malone, 833 F.2d at 130 (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

These factors are "not a series of conditions precedent before the judge can do anything," but a "way for a district judge to think about what to do." Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006), (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)). It is not required that district court make explicit findings in order to show that it has considered these factors. See Henderson, 779 F.2d at 1424.

The repeated failure to cooperate in discovery or to prosecute permits the dismissal of an action. See Fed. R. Civ. P. 37(b)(2)(A)(v); see Fed. R. Civ. P. 41(b); see also Malone, 833 F.2d at 132-33 (failure to cooperate in discovery); see also Link v. Wabash, 370 U.S. 626, 629 (1962) (failure to prosecute). Prior to dismissal, a district court has an obligation to warn a plaintiff that dismissal is imminent. Johnson v. United States Dep't of Treasury, 939 F.2d 820, 825 (9th Cir. 1991); see generally Malone, 833 F.2d at 133. Alternative sanctions should also be discussed prior to dismissal. See Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d. 1428, 1430-31 (9th Cir. 1990). A dismissal acts as an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b).

**E. Discussion**

In considering defendants' motion to dismiss, the court acknowledges the applicability of Rules 37(b)(2)(A)(v) and 41(b) and Local Rule 110 in this matter and that they all support the sanction of dismissal for failure to cooperate in discovery and failure to comply with a court order. Prior to dismissal, however, it also considers the five Malone factors as the law requires:

### 1. Public's Interest in Expeditious Resolution of Litigation

Plaintiff and defendants agree that the public has an interest in the expedient resolution of this matter. (See ECF No. 31-1 at 5; see also ECF No. 32 at 3-5). The law presumes that the public has an interest in the expeditious resolution of litigation as well. See generally Fed. R. Civ. P. 1; see also Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (presuming public has interest in expeditious resolution of litigation which, in turn, favors dismissal). As a result, keeping this case on the court's docket at this stalled stage in the proceedings does not serve the best interests of the public. See generally Malone, 833 F.2d at 130.

### 2. Court's Need to Manage Its Docket

This court has an interest in the just, speedy and inexpensive determination of every action and proceeding as well. See Fed. R. Civ. P. 1; see also Phenylpropanolamine, 460 F.3d at 1227 (stating orderly and expeditious resolution of disputes is of great importance to rule of law and delay in reaching merits is costly in money, memory, manageability, and confidence in process). Moreover, a district court is in the best position to determine what period of delay can be endured before its docket becomes unmanageable. Henderson, 779 F.2d at 1423 (citing Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984)).

The record shows that in the past year, this case has not progressed as it should have in large part due to plaintiff's obstinacy and refusal to proceed through the discovery process in good faith. Plaintiff's actions, or lack thereof, have thwarted these proceedings, both stalling the court's docket and needlessly draining public resources. The court finds that an impasse has been reached. As a result, keeping this case on its docket does not serve the court's needs, either. See generally Malone, 833 F.2d at 130.

### 3. Risk of Prejudice to Defendants

Unreasonable delay creates a presumption of injury to the defense. Henderson, 779 F.2d at 1423 (citing Ash, 739 F.2d at 496); Anderson v. Air West, Inc. 542 F.2d 522, 524 (9th Cir. 1976) ("The law presumes injury from unreasonable delay.").

In their motion to compel, defendants stated that plaintiff's actions were "prejudicing [their] ability to defend themselves." (ECF No. 20 at 3) (brackets added). In their subsequently

filed motion to dismiss, defendants also asserted that plaintiff's "gamesmanship" was prejudicial to them. (See ECF No. 31-1 at 6-7).

The court agrees that defendants have been prejudiced by plaintiff's antics. Because of plaintiff's refusal to provide basic discovery, defendants' ability to resolve this three-and-a-half-year-old matter has been stalled. Plaintiff has not presented any acceptable excuse for these delays. Plaintiff's propounding of additional, unauthorized discovery, to which defendants graciously responded, has undoubtedly cost them time and resources as well. In addition, defendants' March 2018 motion for sanctions (see ECF No. 17) and their potentially dispositive motion for summary judgment, filed July 20, 2018 (see ECF No. 25), were denied solely to provide plaintiff with yet a third opportunity to properly respond to defendants' discovery in good faith. (See ECF No. 27 at 11-13). The fact that plaintiff did not produce the required discovery after the denial of defendants' dispositive motion was also prejudicial to them. See generally Malone, 833 F.2d at 130. These facts also support the dismissal of this case.

### 4. Public Policy Favoring Disposition of Cases on Merits

Public policy favoring resolution on the merits is particularly important in civil rights cases. Hernandez, 138 F.3d at 401 (citing Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987)). The court has given plaintiff several opportunities to have this matter resolved on the merits. Despite this fact, plaintiff has effectively thumbed his nose at this prospect, and instead, has refused to produce discovery. Now, at the eleventh-hour, he asks that the matter be stayed. While public policy favors a resolution of this matter on its merits, this cannot be done if the party alleging injury refuses to comply with the very rules that could grant him relief. Given plaintiff's behavior to date, the court finds that resolving this matter on its merits is not feasible at this point. See generally Malone, 833 F.2d at 130. Therefore, a dismissal is warranted.

### 5. Availability of Less Drastic Sanctions

A district court need not exhaust every sanction short of dismissal prior to finally dismissing a case, but must explore possible and meaningful alternatives. Henderson, 779 F.2d at 1424 (citing Nevijel v. North Coast Life Insurance Co., 651 F.2d 671, 674 (9th Cir. 1981)). Warning a party of the consequences of continued dilatory preparation constitutes a "meaningful

alternative" to dismissal. See Henderson, 779 F.2d at 1424 (quotation marks added).  Warning a party of dismissal prior to taking action also constitutes the taking of an alternative measure by the court.  See generally id. (pointing out that plaintiff was given three warnings about possible dismissal).

Here, plaintiff was ordered to produce specific, responsive discovery to defendants, and he was afforded sixty days within which to do so. (See ECF No. 27 at 13).  At that time, plaintiff was clearly warned that failure to do so could result in the sanction of dismissal of his case. (See id. at 6, 9, 11).  Thus, the requisite "less drastic sanctions" have already been imposed.  See generally Malone, 833 F.2d at 130.  Therefore, at this point, the imposition of additional, lesser sanctions prior to dismissal are not warranted here.  See, e.g., Henderson, 779 F.2d at 1424 (court considering counsel's past actions when determining grant of extension would not be fruitful). These facts also support a dismissal of this matter.  See Johnson, 939 F.2d at 825 (finding indications that alternative sanctions were considered and warning of imminent dismissal sufficient to support dismissal of case).

**III.    CONCLUSION**

Plaintiff's request for a stay of these proceedings (see ECF No. 28) is neither warranted nor supported by law.  Therefore, it will be denied.

As for defendant's motion to dismiss (see ECF No. 31), the court finds that plaintiff's failure to produce the remaining discovery to defendants was willful and done in bad faith.  He has chosen to blatantly defy this court's directives.  This cannot stand, and this fact – alone – is grounds for dismissing this case.  See Fed. R. Civ. P. 37(b)(2)(A)(v) and 41(b); see also Local Rule 110 ("Failure of . . . a party to comply with . . . any order of the Court may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

Plaintiff was clearly and repeatedly warned of this potential outcome. (See ECF No. 27 at 6, 9, 11).  In addition to managing its docket, this court has an interest in maintaining the integrity of these proceedings by following through on its warnings.  See Automated Datatron, Inc. v. Woodcock, 659 F.2d 1168, 1170 (D.C. Cir. 1981) ("[I]f district court judges are to discharge their

heavy responsibilities effectively, their power to dismiss . . . must be more than theoretical."). These facts also support the dismissal of this matter. Consequently, the undersigned shall recommend that defendants' motion to dismiss be granted for failure to cooperate in discovery proceedings and for failure to comply with a court order pursuant to Federal Rules of Civil Procedure 37 and 41 and Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to stay, filed November 5, 2018 (ECF No. 28), is DENIED, and

2. The Clerk of Court is directed to randomly assign a District Court judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Defendants' motion to dismiss, filed December 28, 2018 (ECF No. 31), be GRANTED, and

2. This action be DISMISSED with prejudice for failure to cooperate in discovery and for failure to comply with a court order pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b) and Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, the parties may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 7, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/hoff1527.sanc.grnt